RYAN G. WELDON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave. North, Suite 300
Great Falls, MT  59403
Phone:  (406) 761-7715
FAX:  (406) 453-9973
E-mail:  Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN WILLIAM LIEBA II,<br><br>Defendant. | CR 16-51-GF-BMM<br><br><br><br>SENTENCING MEMORANDUM |
|---|---|

## INTRODUCTION

John William Lieba II proceeded to trial.  The jury convicted him of

Kidnapping a Minor, Aggravated Sexual Abuse, and Assault Resulting in Serious

Bodily Injury on a Minor.  The defense has three objections:  (1) the four-level

1

abduction enhancement under ¶ 47; (2) the two-level vulnerable victim enhancement under ¶ 48; and, (3) the two-level obstruction enhancement under ¶ 50. The objections, although addressed here, are irrelevant. All total, Lieba claims the total offense level should be a 46, which still results in a guideline range of life imprisonment.

The United States, without hesitation, recommends life imprisonment. Lieba, through his actions, forced every parent in Montana to confront their worst nightmare. That nightmare became a reality in Wolf Point when Lieba kidnapped, raped, and left a four-year-old child for dead. Worse yet, the child will forever be reminded of this trauma because she contracted genital herpes due to the sexual assault. If this case does not warrant life, then no case does.

## ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

**Objections:**

**A.  Double Counting of Abduction**

The defense first objects to the abduction enhancement under USSG §2A3.1(b)(5), arguing it was already accounted for under the kidnapping charge. (Doc. 76 at 3).  All offenses grouped, which resulted in the PSR only using the guideline for aggravated sexual abuse—not the kidnapping guideline under USSG §2A4.1.  PSR ¶¶ 43-44.  Double counting occurs only when "the same conduct on the part of the defendant is used to support separate increases under separate [guideline] provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Herrera-Rojas*, 243 F.3d 1139, 1144 (9th Cir. 2001).

3

No increase has occurred beyond the four-level abduction under USSG §2A3.1(b)(5) because the kidnapping guideline was not used. If the abduction enhancement were not applied, Lieba's kidnapping would be unaccounted for under the guidelines. It therefore must be addressed under USSG §2A3.1(b)(5).

Lieba also claims the abduction enhancement is duplicative of the four-level enhancement under ¶ 45. That enhancement is for the use of physical force during a sexual assault. USSG §2A3.1(b)(1). The necessary level of force is best shown by Lieba ripping off the victim's boots before raping her. It likewise includes the strangulation, which was evident from the petechiae present on the victim's face as a result of the sexual assault. This enhancement therefore is distinct from the enhancement for abduction.

### B. Vulnerable Victim Enhancement

The defense also objects to the vulnerable victim enhancement under USSG §3A1.1(b)(1) because age has already been addressed. (Doc. 76 at 3). To be a vulnerable victim, the courts must compare the victim to a "typical victim"—not simply a victim of the general population. *United States v. Nielsen*, 694 F.3d 1032, 1035 (9th Cir. 2012); *see also* USSG §3A1.1, n. 3 ("[I]f the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age.").

When applying the vulnerable victim enhancement, the Court need not even reference the age of M.L. when making its findings.  Other important factors include the size of M.L., which the Court was able to see first-hand.  The mental capacity of M.L. was also much less.  When confronted with the federal courthouse, M.L. was ultimately incapable of appreciating the oath and testifying in federal court.  Nor has M.L. even discussed the details of the crimes with her counselors, although it has been almost a year and a half since the crime occurred.  PSR ¶ 29.  Finally, the vulnerability of M.L. is best demonstrated by her inability to protect herself and leave the vehicle where Lieba left her.  PSR ¶ 21.  She simply stayed and waited to die.  PSR ¶ 20.

### C. Obstruction of Justice

Mr. Lieba claims that he has a right against self-incrimination, and the obstruction enhancement may not apply.  (Doc. 76 at 3).  Under USSG § 3C1.1, the guidelines provide for a two-level enhancement:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct or (B) a closely related offense . . . .

USSG §3C1.1.

When lying to federal agents, "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official

investigation or prosecution of the instant offense" justified a two-level enhancement. USSG §3C1.1, n. 4(F). But simply "making false statements, not under oath, to law enforcement officers" is insufficient to warrant an enhancement. USSG §3C1.1, n. 5(C). Materiality exists if the "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." USSG §3C1.1, n. 6.

During the interview with law enforcement, Lieba had a Fifth Amendment right not to incriminate himself or speak with agents. He, however, chose to waive that right and continuously claimed that he had no idea where M.L. was located. Time was of the essence because a four-year-old girl was missing and uncared for in a remote area of eastern Montana, all of which occurred in the dead of winter and during frozen temperatures. PSR ¶¶ 17-18. The FBI ultimately begged Lieba to tell the truth, which he refused to do until approximately 24 hours later.

Not only is it obstruction to lie, but it is also obstruction to destroy evidence. USSG §3C1.1, n. 4 (stating enhancement applies to "destroying or concealing . . . evidence that is material to an official investigation or judicial proceeding," which includes attempting to do so). The guidelines explain that if such obstructive conduct occurred "contemporaneously with arrest (*e.g.*, attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to

the official investigation . . . ." USSG §3C1.1, n. 4(D). Lieba therefore qualifies under this enhancement because he also attempted to destroy evidence by wiping his hands in his hair to remove M.L.'s DNA. Agents had to work quickly to stop Lieba from further destroying evidence before they were able to swab his hands. The obstruction enhancement therefore applies.

### Sentencing Recommendation:

Lieba was dedicated to kidnapping and raping a girl on February 26, 2017. He first tried for an eleven-year-old girl, but she was too fast. PSR ¶ 10. Lieba eventually settled for M.L. because four-year-olds do not run as fast. PSR ¶ 8.

Lieba then did the unthinkable. He vaginally raped a child. The injuries even caused medical professionals to struggle when testifying before the jury. When questioned by law enforcement the first time, Lieba never showed contrition or remorse. Instead, he focused on his lost sexual opportunities with other females.

There is nothing in the above conduct that justifies a variance. Indeed, Lieba's conduct does not even fall within the chart because his offense level was so high. Although Lieba is young, he has certainly had numerous contacts with law enforcement. *See, e.g.*, PSR ¶¶ 61-76. More importantly, to sentence Lieba to anything less than life is to instead sentence M.L. to life. She has suffered enough. She deserves to know that Lieba will never touch her again. Life imprisonment is therefore warranted.

DATED this 24th day of July, 2017.

                        LEIF JOHNSON
                        Acting United States Attorney


                        */s/ Ryan G. Weldon*
                        RYAN G. WELDON
                        Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached sentencing memorandum contains 1597 words, excluding the caption and certificate of compliance.

>LEIF JOHNSON
>Acting United States Attorney
>
>
>*/s/ Ryan G. Weldon*
>RYAN G. WELDON
>Assistant U.S. Attorney